UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VRAIN SCOTT,

    Plaintiff,

v.                                                        CASE NO. 8:13-cv-3265-T-23EAJ

ASSISTANT WARDEN BEN MOUNT,

    Defendant.
_____/

**O R D E R**

    Scott alleges that the defendant violated his civil rights while confined in the Hardee Correctional Institution. Scott moves for leave to proceed *in forma pauperis*. (Doc. 4) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

    Although his complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Scott fails to state a claim that he can pursue in a civil rights action. Scott alleges that this "is an action for release from contract made under duress and

undue influence." Scott alleges that he was under duress when he agreed to a settlement with the Department of Corrections. Scott seeks to re-open the settlement negotiations. Scott's remedy, if he has one, is under the law of contracts and not under 42 U.S.C. § 1983 for the deprivation of civil rights.

Accordingly, the civil rights complaint is **DISMISSED**. The motion for leave to proceed *in forma pauperis* (Doc. 4) is **DENIED** as moot. The clerk must enter a judgment against Scott and close this case.

ORDERED in Tampa, Florida, on February 6, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE